UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JON SNYDER and LINDA SNYDER,                                    CV 07-1081-ST

        Plaintiffs,

                                               OPINION AND ORDER

    v.

DAVOL, INC.; C.R. BARD, INC.; and
LEGACY HEALTH SYSTEM, dba Meridian
Park Hospital,

        Defendants.
_____

REDDEN, Judge:

       On October 24, 2007, Magistrate Judge Stewart issued her Findings and

Recommendation (doc. 32) in the above-captioned case, and recommended that plaintiffs'

Motion to Remand Case to State Court (doc. 11) be granted, and defendants' Motion to Stay All

Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation (doc. 6) be

PAGE 1 - OPINION AND ORDER

denied as moot.  Magistrate Judge Stewart concluded that defendants' removal to this court was

improper and plaintiffs were entitled to remand because: (1) Oregon law is unsettled as to

whether a healthcare provider can be held strictly liable, and therefore defendants failed to meet

their burden of proving fraudulent joinder; and (2) the medical negligence claims against Legacy

Health System ("Legacy") arise out of the same transaction and occurrence as the product

liability claims, and thus the doctrine of "procedural misjoinder" is inapplicable.

The matter is now before this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b)

of the Federal Rules of Civil Procedure.  The district court is not bound by the recommendations

of the magistrate judge.  See 28 U.S.C. § 636(b)(1).  When a party timely objects to any portion

of the magistrate judge's Findings and Recommendation, the district court must conduct a *de*

*novo* review of the portions of the Findings and Recommendation to which objections are made.

28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Business Machines, 656

F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).  The district court is not,

however,  required to review the factual and legal conclusions of the magistrate judge, to which

the parties do not object.  Thomas v. Arn, 474 U.S. 140, 149 (1985); United States v. Reyna-

Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

Davol, Inc. ("Davol") and C.R. Bard, Inc. ("Bard") timely filed objections to Magistrate

Judge Stewart's Findings and Recommendation that this case be remanded to state court.  They

argue Magistrate Judge Stewart incorrectly concluded that: (1) the issue of whether a healthcare

provider can be held strictly liable under Oregon law is unsettled; and (2) plaintiff's medical

malpractice claims against Legacy arise out of the same transaction and occurrence as their

product liability claims against Davol and Bard.  I have, therefore, given those portions of the

PAGE 2 - OPINION AND ORDER

findings and recommendation a *de novo* review.  I agree with Magistrate Judge Stewart's

analysis and conclusions.

As Magistrate Judge Stewart correctly noted, "the burden of proving fraudulent joinder

rests squarely on defendants' shoulders."  Findings and Recommendation, at 11; Boyer v. Snap-

On Tools Corp., 913 F.2d 108, 111 (3rd Cir. 1990).  "If there is even a possibility that a state

court would find that the complaint states a cause of action against any one of the resident

defendants, the federal court must find that joinder was proper and remand the case to state

court."  Boyer, 913 F.2d at 111.  Davol and Bard point to several Oregon trial court rulings from

the 1980s and early-1990s striking strict products liability claims against healthcare providers.

But none of those cases demonstrate that there is no possibility that Oregon appellate courts

would recognize such a claim.  To the contrary, the Oregon Court of Appeals has suggested that

a products liability claim against a healthcare provider such as Legacy may, in fact, be viable

under Oregon law.  See Docken v. Ciba-Geigy, 86 Or. App. 277, 282 (1987).  Given that the

court must "resolve any uncertainties as to the current state of controlling substantive law in

favor of the plaintiff," Boyer, 913 F.2d at 111, I agree with Magistrate Judge Stewart's

conclusion that "[t]here is no definitive ruling from any Oregon appellate court as to the viability

of a strict products liability claim against a hospital."  Findings and Recommendation, at 11.

Accordingly, Davol and Bard failed to met their burden of proving fraudulent joinder and

plaintiffs are entitled to remand.

I also agree with Magistrate Judge Stewart's conclusion that the doctrine of procedural

misjoinder is inapplicable.  Contrary to defendants' assertions, plaintiffs' claims against Legacy

raise issues that overlap with the claims against the product defendants, such as the scope and

PAGE 3 - OPINION AND ORDER

nature of communications between each of the defendants regarding the allegedly defective

medical device and whether the product defendants made timely compliance reports to the FDA

regarding product failure.  I agree with Magistrate Judge Stewart's conclusion that the design,

manufacture, distribution, sale, implantation, failure, and recall of the allegedly defective

medical device present a series of related transactions and occurrences.  As such, procedural

misjoinder is inapplicable.

Having reviewed the portions of the Findings and Recommendation to which Davol and

Bard object, I find no error.  Accordingly, I ADOPT Magistrate Judge Stewart's Findings and

Recommendation as my own opinion.

IT IS SO ORDERED.

DATED this  7th  day of January, 2008.

/s/ James A. Redden
James A. Redden
Senior United States District Judge